AO245B     (Rev. 09/19) Judgment in a Criminal Case
               Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Washington

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| STEVEN MICHAEL BURKE | Case Number: 2:19CR00202RSM-001 |
| | USM Number: 49746-086 |
| | Sara D. Brin |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 2 of the Indictment
☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.
☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2) | Possession of Child Pornography | 07/02/2019 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☒ Count(s) 1 ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

*/s/ Cecelia Gregson*
Cecelia Y. Gregson, Assistant United States Attorney

July 22, 2021
Date of Imposition of Judgment

Signature of Judge
The Honorable Ricardo S. Martinez
Chief United States District Judge
Name and Title of Judge

July 27, 2021
Date

AO245B      (Rev. 09/19) Judgment in a Criminal Case
            Sheet 4 — Probation

Judgment — Page **2** of **8**

DEFENDANT: **STEVEN MICHAEL BURKE**
CASE NUMBER: 2:19CR00202RSM-001

## PROBATION

The defendant is hereby sentenced to probation for a term of : _____ .

Five (5) years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of the day you were sentenced and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☒ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

AO245B      (Rev. 09/19) Judgment in a Criminal Case
            Sheet 4A — Probation

Judgment — Page **3** of **8**

DEFENDANT:        **STEVEN MICHAEL BURKE**
CASE NUMBER:      2:19CR00202RSM-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____      Date _____

DEFENDANT:     **STEVEN MICHAEL BURKE**
CASE NUMBER:    2:19CR00202RSM-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer. In addition to urinalysis testing that may be a part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

2. The defendant shall have no contact with any children under the age of 18, unless accompanied and supervised by an adult, who has been approved in advance by the sexual deviancy therapist and the supervising probation officer. The defendant shall immediately report any unauthorized contact with children to the probation officer and sexual deviancy therapist. <u>The defendant may have supervised visitation with his children in the presence of either his wife, Amie Burke, his mother, Saleena Zeman-Murphy, or mother-in-law, Tara Wooten.</u>

3. The defendant shall not possess or peruse any authentic, altered, or manufactured, in whatever form, material that depicts and/or describes "sexually explicit conduct," as defined in 18 U.S.C. §2256(2) or "child pornography," as defined in 18 U.S.C. §2256(8).

4. Restitution in the amount of $12,000.00 is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall not be waived.

5. The defendant shall not go to places nor loiter within 100 feet of an area where minors are known to congregate, such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, or other similar places, without the prior approval of the probation officer and the sexual deviancy therapist. The defendant shall not affiliate with, own, control, volunteer, and/or be employed, in any capacity, by an organization in an activity, which would place him/her in contact with children under the age of 18.

6. The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office as a means to ensure that he or she is in compliance with the requirements of his or her supervision or treatment program. Polygraph testing may not exceed six tests per year.

7. The defendant's residence shall be pre-approved by the probation office. The defendant shall not reside in direct view of places used primarily by minors, such as school yards, parks, public swimming pools, or recreational centers, playgrounds, youth centers, video arcade facilities, or other places primarily used by children under the age of 18.

8. The defendant, who is required to register under the Sex Offender Registration and Notification Act, must comply with all requirements of that Act. The defendant shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any jurisdiction where the person resides, is employed, or is a student. For initial registration purposes only, the defendant shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of the residence. Registration must occur within three business days after sentencing if the

DEFENDANT: **STEVEN MICHAEL BURKE**
CASE NUMBER: 2:19CR00202RSM-001

defendant is sentenced to probation or time served, or a term of imprisonment and is not remanded. If the defendant is remanded, registration must occur within three business days of release.

9. The defendant shall participate in a sexual deviancy evaluation conducted by a sexual deviancy treatment provider, as directed and approved by the U.S. Probation Officer. The treatment provider shall be trained and experienced in the treatment of sexual deviancy, and follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The sexual deviancy evaluation may include psychological and physiological testing, not to include plethysmograph. The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of the evaluation, according to his/her ability, as determined by the U.S. Probation Officer.

10. The defendant shall actively participate and make reasonable progress in a certified sexual deviancy treatment program, as designated by the U.S. Probation Officer. The sexual deviancy treatment program shall follow the guideline practices established by the Association for the Treatment of Sexual Abusers (ATSA). The program shall offer individual and group sessions, and appropriate testing, to determine the defendant's patterns of sexual arousal, and to monitor the defendant's progress and compliance with treatment goals and conditions of supervision. The defendant shall disclose all previous sex offender or mental health evaluations to the treatment provider. The defendant shall also contribute to the costs of treatment, according to his/her ability, as determined by the U.S. Probation Officer.

11. The defendant shall submit his or her person, property, house, residence, storage unit, vehicle, papers, computers (as defined in 18 U.S.C.§1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

12. The defendant shall comply with the requirements of the U.S. Probation and Pretrial Services Computer Monitoring Program as directed. The defendant shall consent to the U.S. Probation and Pretrial Services Office conducting ongoing monitoring of his/her computer(s), hardware, and software, and any/and all electronic devices/media. The monitoring will include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use. Monitoring may also include the retrieval and copying of all data from his/her computer(s) or any/and all other electronic devices/media. The defendant may be subject to quarterly polygraph testing at his/her expense, solely to ensure compliance with the requirements of the monitoring program. The defendant hereby consents to U.S. Probation and Pretrial Services' use of electronic detection devices to evaluate the defendant's access to Wi-Fi (wireless fidelity) connections.

AO245B      (Rev. 09/19) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page **6** of **8**

DEFENDANT:       **STEVEN MICHAEL BURKE**
CASE NUMBER:     2:19CR00202RSM-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment**[*] | **JVTA Assessment**[**] |
|---|---|---|---|---|---|
| TOTALS | $ 100 | $12,000 | Waived | Waived | Waived |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**[***] | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Deborah A. Bianco, in trust for "Jessy" – Surfer Hair Series<br>PO Box 6503<br>Bellevue, WA 98008 | | $3,000 | |
| Deborah A. Bianco, in trust or "Henley" – BluePillow Series<br>PO Box 6503<br>Bellevue, WA 98008 | | $3,000 | |
| Deborah A. Bianco, in trust for "Pia" – SweetWhiteSugar Series<br>PO Box 6503<br>Bellevue, WA 98008 | | $3,000 | |
| Marsh Law Firm PLLC, in trust for "Jenny"<br>PO Box 4668 #65135<br>New York, NY 10163-4668 | | $3,000 | |
| TOTALS | $12,000 | $ 12,000 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☒  the interest requirement is waived for the   ☐ fine   ☒ restitution
  ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

☒ The court finds the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

Judgment — Page **7** of **8**

DEFENDANT:           **STEVEN MICHAEL BURKE**
CASE NUMBER:    2:19CR00202RSM-001

- \*     Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
- \*\*    Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
- \*\*\*   Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **STEVEN MICHAEL BURKE**
CASE NUMBER: 2:19CR00202RSM-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to
Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

  ☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

  ☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

  ☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

As reflected in Docket 45, Order of Forfeiture:
1 – Samsung cellular telephone;
1 – iPhone;
Any and all images of child pornography, in whatever format and however stored.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.